Luft *v.* Da Costa, Appellant.

Submitted November 22, 1932.

554

Before Trexler, P. J., Keller, Gaw-throp, Cunningham, Baldrige, Stadtfeld and Parker, JJ. ■

*Rawle and Henderson,* for appellant.

No book or appearance for appellee.

Opinion by Stadtfeld, J., January 25, 1933:

This was an action in trespass for the recovery of damages to an automobile as a result of a collision with another automobile. The case was tried before the lower court without a jury, and Rosen, J., found in favor of plaintiffs. At the trial the defendant produced no testimony, but asked first for a non-suit and then for a directed verdict, both of which were refused. He then moved for judgment n.o.v., which was overruled and judgment entered on finding for plaintiffs. From this judgment this appeal is taken.

The collision occurred on February 8, 1931, in Philadelphia, in the south portion of Erie Avenue about 8 to 10 feet east of Twenty-second Street. Erie Avenue and Twenty-second Street intersect each other, Twenty-second Street lying north and south being 34 feet wide from curb to curb, and Erie Avenue, east and west being 84 feet from curb to curb. Hunting Park Avenue runs diagonally in a northeastwardly

and southwestwardly direction and meets both Erie Avenue and Twenty-second Street at this intersection. Hunting Park Avenue is 100 feet from house line to house line, 60 feet from curb to curb, and 20 foot sidewalks. On the north side of Erie Avenue, Hunting Park Avenue meets at a point about 15 feet east of the east side of Twenty-second Street. There are double tracks on Erie Avenue. There is a traffic light on Hunting Park Avenue somewhat to the west of the center of the intersection of Twenty-second Street and Erie Avenue.

The plaintiffs' car, owned by both jointly, was being operated by Roy H. Luft of plaintiffs, had been proceeding northeastwardly on Hunting Park Avenue and the traffic light was green when he reached Twenty-second Street. He turned slightly to the right into Erie Avenue, going at the rate of twenty miles per hour. He had traveled across the car tracks on Twenty-second Street, and was past the east curb line of said street and running parallel with the car tracks on Erie Avenue. He was straddling the eastbound car track going east; the left rear and left front wheels were in between the tracks and the right front and right rear wheels were on the asphalt in the middle of the track south of the south car track. Plaintiff was in the middle of Twenty-second Street when he first saw defendant's car. Defendant was going southwest on Hunting Park Avenue at this time and cut the fork thus going to his, defendant's left. When plaintiff first saw defendant, the latter was about 20 feet away and about half way south of Hunting Park Avenue; half of defendant's car was over and half on it. He was going about 10 miles an hour. The streets were wet. Both applied their brakes and plaintiff had practically stopped. Defendant's car hit the left front, near the driver's seat of plaintiffs' car, and drove plaintiffs' car a little in front, bringing the rear of his car around when the back of his car was hit. After the

collision the nose of plaintiffs' car was pointing towards the south side curb of Erie Avenue and the rear was pointing in the other direction, having been swung around, being practically in the same place as when struck and about 8 or 9 feet from the east curb line of Twenty-second Street. The running board of plaintiffs' car on the left hand side was crumpled and the driver's door at the left side would not close. The impact was at about the middle of the motor. Defendant's car after the collision was pointing in a southerly direction. The only damage to defendant's car was a broken front bumper.

Under this testimony the trial judge found in favor of plaintiffs. The amount of damage is not in dispute. Appellant's assignment of error is to the refusal to enter judgment in favor of defendant n.o.v. He contends that there was no evidence of negligence on part of appellant and that appellee was guilty of contributory negligence. On the motion for judgment n.o.v. plaintiffs are entitled to all inferences in their favor which are legitimate deductions from the evidence.

It appears from the testimony that plaintiffs' car proceeded about 25 feet from the time plaintiffs first saw the defendant's automobile at the fork where Hunting Park Avenue and Erie Avenue meet on the north side of Erie Avenue, and the defendant went more than half the width of Erie Avenue, which is 84 feet from curb to curb and 120 feet from house line to house line. Plaintiffs' testimony was that at the time of the collision defendant was traveling at about 10 miles an hour and that plaintiffs' car was practically stopped. It also appears that the collision did not occur at the intersection, but took place in Erie Avenue at least 8 feet east of Twenty-second Street and that defendant was making a left-hand turn from Hunting Park Avenue into plaintiffs' line of traffic on Erie Avenue.

At street crossings drivers must be exceedingly vigilant to have their cars under such control that they may stop at the slightest sign of danger. If they do not, and an accident happens, they are liable in damages for its consequences. The signal to cross is not a command to go, but a qualified permission, and the qualification is to proceed lawfully and carefully. Byrne et al., v. Schultz, 306 Pa. 427.

Considering the relative positions of the cars, before and after the collision, the place of impact on plaintiffs' car, the undisputed testimony that defendant's car struck plaintiffs' car, the question of defendant's negligence was for the trial judge sitting without a jury.

On the question of contributory negligence, there was no evidence that plaintiffs had not fully performed every duty devolving upon them. Whether they did everything they could or should have done under the circumstances to avoid a collision was also a question of fact for the trial judge.

After a careful examination of the testimony, we can not say that the trial judge erred in his findings or in entering judgment in favor of plaintiffs.

The assignment of error is overruled and judgment affirmed.